*J. C. Rush, for appellant.*

---

## R. RICHARDSON *v.* D. SHELDON, ETC.

**Wills—Intoxication—Mental Capacity—Undue Influence—Revocation Prevented.**

> A judgment, based on a verdict setting aside a will, will not be disturbed where the proof shows that the testator was old and of intemperate habits at the time of the execution of the instrument, especially where he was under the influence of his wife, and from the further fact that the paper was carried to another state and eventually fell into the hands of the appellant, which perhaps prevented its effectual revocation.

APPEAL FROM KENTON CIRCUIT COURT.

April 11, 1871.

OPINION BY JUDGE HARDIN:

Although the weight of the evidence conduces to the conclusion that Otho Richardson dictated the paper in contest, as his will, and although then intoxicated, he possessed sufficient mental capacity to make a valid will, if wholly free from undue influence. We do not feel authorized under all the circumstances of this case to reverse the judgment of the circuit court, founded on the verdict of a jury who heard the evidence.

It does not appear that the testator's daughters were not all equally worthy of his bounty with the appellant, the favored devisee, and the gross inequality in the devises of the will is only explained by the fact that the testator's age and intemperate habits operated to subject him to the influence of his wife and son residing with him, the former of whom was un-

friendly with his daughter who, having married, were separated from him.

It seems that at her suggestion he placed the paper in the hands of a particular person, who carried it to Illinois, and that this circumstance, and the fact that it afterwards fell into the hands of the appellant perhaps prevented its effectual revocation.

These and other facts disclosed on the trial no doubt led the jury to the very reasonable conclusion that the paper in contest was not at first the result of the free and unbiased judgment and deliberate intention of Otho Richardson; and, considering the peculiar and superior advantages which the jury and court below had for determining the weight of the evidence, we are constrained to concur in their decision.

Wherefore the judgment is *affirmed.*

*Collins & Drane, for appellant.*

*Ellis, for appellees.*